F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
STACY H. RUBIN, ESQ.
Nevada Bar No. 9298
E-mail: srubin@nevadafirm.com
R. McKAY HOLLEY, ESQ.
Nevada Bar No. 15934
E-mail: mholley@nevadafirm.com
HOLLEY DRIGGS
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile:  702/791-1912

William B. Freeman (Admitted *Pro Hac Vice*)
California Bar No. 137276
E-mail: bill.freeman@katten.com
KATTEN MUCHIN ROSENMAN LLP
515 South Flower Street, Suite 4150
Los Angeles, California 90071-2212
Telephone: 213/443.9003

*Attorneys for TerraCotta Credit REIT LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. 23-14672-NMC |
|---|---|
| S VALLEY VIEW TWAIN, LLC, | Chapter 11 |
| Debtor. | **NOTICE OF ISSUANCE OF SUBPOENA** |

PLEASE TAKE NOTICE that, pursuant to FED. R. BANKR. P. 9016 and FED. R. CIV. P. 45,

Secured Creditor TerraCotta Credit REIT LLC ("TerraCotta"), by and through counsel, F. Thomas

Edwards, Esq., Stacy H. Rubin, Esq., and R. McKay Holley, Esq., of the law firm Holley Driggs,

hereby provide notification to all parties in this Bankruptcy Case of the service of a subpoena for

document production and 2004 examination on **S Valley View Twain, LLC**, attached hereto as

**Exhibit 1**.

/ / /

/ / /

/ / /

15666-01/3058584

Dated this 20th day of December 2023.

**HOLLEY DRIGGS**

__/s/ R. McKay Holley_____
Thomas Edwards, Esq. (NV Bar No. 9549)
Stacy H. Rubin, Esq. (NV Bar No. 9298)
R. McKay Holley Esq. (NV Bar No. 15934)
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101

and

**KATTEN MUCHIN ROSENMAN LLP**
William B. Freeman (Admitted *Pro Hac Vice*)
California Bar No. 137276
E-mail: bill.freeman@katten.com
515 South Flower Street, Suite 4150
Los Angeles, California 90071-2212

*Attorneys for TerraCotta Credit REIT LLC*

- 2 -

15666-01/3058584

# EXHIBIT 1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of __Nevada_____

In re __S Valley View Twain, LLC_____     Case No. __23-14672-nmc_____

Debtor

Chapter __11_____

### SUBPOENA FOR RULE 2004 EXAMINATION

To: S Valley View Twain, LLC
Attn: Jason Choo
c/o Larson & Zirzow, LLC
850 E. Bonneville Ave.
Las Vegas, NV 89101

_(Name of person to whom the subpoena is directed)_

[X] _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE  Holley Driggs, Ltd.<br>300 S. Fourth Street, Suite 1600<br>Las Vegas, NV 89101<br><br>To be produced electronically to srubin@nevadafirm.com | DATE AND TIME<br>Document production by:<br>January 5, 2024 @ 2:00pm Pacific<br>Testimony: TO BE DETERMINED* |
|---|---|

\* At a time, place, and date to be mutually agreed upon by the parties, or if no such agreement is reached, upon no later than fourteen (14) calendar days following service by Creditor.

The examination will be recorded by this method:  Video and Stenographic means pursuant to FRCP 30.

[X] _Production:_ You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto and incorporated herein fully by reference.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  12/20/2023

CLERK OF COURT

OR

/s/ R. McKay Holley

_____          _____
_Signature of Clerk or Deputy Clerk_                  _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
TerraCotta Credit REIT, LLC_____ , who issues or requests this subpoena, are:

Stacy H. Rubin, Esq. and R. McKay Holley, Esq., Holley Driggs, 300 South Fourth Street, Suite 1600, Las Vegas, Nevada 89101
Telephone: (702) 791-0308 and Email: srubin@nevadafirm.com; mholley@nevadafirm.com

#### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

The following definitions are to be used with respect to this Subpoena:

1.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall mean any and all information in tangible or other form, whether printed, typed, recorded, computerized, filmed, reproduced by any process, or written or produced by hand, and whether an original, draft, master, duplicate or copy, or notated version thereof, that is in Your possession, custody, or control. A draft or non-identical copy is a separate document within the meaning of this term.

2.    Without limitation of the foregoing, "Document" as used in this Subpoena shall also include, but not be limited to, electronic files, other data generated by or stored on or through any of Your computer systems and storage media (e.g., internal or external hard drives, CD-ROM's, floppy disks, backup tapes, thumb drives, internet-based posting boards, or any other data storage media or mechanisms), or any other electronic data. This includes but is not limited to: email and other electronic communications (e.g., postings to internet forums, ICQ or any other instant messenger messages, or text messages); voicemails; word processing documents; spreadsheets; databases; calendars; telephone logs; contact manager information; Internet usage files; offline storage or information stored on removable media; information contained on laptops or other portable devices; and network access information; notes; reports; memoranda; papers; files; records; bills; invoices; checks; receipts; work orders; vouchers; bank statements; and all other written and electronic records of obligations and expeditors; financial data; analyses; and all items in physical or electronic storage. Further, this includes data in any format for storing electronic data.

3.    "Relating or referring" are used in their broadest sense and shall mean and include, but shall not be limited to, advert, allude, comprise, concern, constitute, describe, discuss, mention, note, pertain, quote, recite, recount, reflect, report, or state.

4.    "Communication" shall mean and refer to any dissemination of information by transmission, or a statement from one person to another or in the presence of another, whether by writing, orally, action, or conduct including, but not limited to, emails, text messages, letters, or any other form of written communication; any oral, written or electronic transmission of such information, without limitation, including meetings, negotiations, discussions, conversations, telephone calls, memoranda, letters, telecopies,

telexes, email messages, text messages, memoranda, conferences, seminars, or notes; and Relating or Referring to non-privileged Communication.

5.  The singular shall include the plural, and the plural shall include the singular. The conjunctive "and" shall include the disjunctive "or"; the disjunctive "or" shall include the conjunctive "and."

6.  Each Document produced shall be produced as it is kept in the usual course of business (i.e., in the file folder or binder in which such Document is located at the time the Subpoena is served) or shall be organized and labeled to correspond to the respective category or categories of Request(s) to which it alleges to be responsive.

7.  "Bankruptcy Case" shall mean and refer to the Chapter 11 Bankruptcy Case of *In re S Valley View Twain, LLC*, filed on October 23, 2023, and currently pending in the United States Bankruptcy Court for the District of Nevada as Case No. 23-14672-NMC.

8.  "You" or "Your" shall mean and refer to **S Valley View Twain, LLC and all of its subsidiaries, in each case including all agents, employees, managers, directors, officers, members, and other representatives and other persons or entities acting or purporting to act on its behalf or under its control.**

9.  You are instructed to produce any and all Documents which are in Your possession, custody, or control.  Possession, custody, or control includes constructive possession whereby You have a right to compel production from a third party, including an agency, authority, or representative.

10. To the extent the location of any Document called-for by this Subpoena is unknown to You, so state.  If any estimate can reasonably be made as to the location of a Document the true location of which is unknown, describe the Document with sufficient particularity so that it can be identified, set forth your best estimate of the Document's location, and describe the basis upon which Your estimate of its location is made.

11. To the extent the production of any Document is objected-to on the basis of privilege, provide the following information about each such Document: (1) describe the nature of the privilege claimed (e.g., attorney-client privilege, work product doctrine); (2) state the factual and legal basis for invoking such privilege; (3) identify each person present when the Document was prepared and each person who has seen the Document; and (4) identify every other Document which refers to or describes the contents of the Document for which privilege is asserted.

12. If any Document responsive to a Request has been lost or destroyed, the document so lost or destroyed shall be identified by its author, date, subject matter, date of loss or destruction, the identity of person responsible for loss or destruction, and, if destroyed, the reason for such destruction.

13. Unless otherwise specified, the Requests set forth in this Subpoena relate to Documents and/or Communications created or coming into Your possession or control at any time in the past and continuing through Present, and Your Response to this Subpoena must be

supplemented at any time in future, on an ongoing basis, as Documents and/or Communications are created or come into Your possession or control in future.

14.    "Property" shall mean and refer to the investment properties located at 3610-3686 Highland Drive, Las Vegas, Nevada 89103 and 3675 Procyon Street, Las Vegas, Nevada 89103.

15.    "Budget" shall mean and refer to Exhibit 2 to Debtor's Motion Pursuant to 11 U.S.C. §§ 105, 361, 363, 364 and 506, and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure for Entry of Interim and Final Order (A)(I) Authorizing the Use of Cash, Including Cash Collateral, and (II) Granting Related Relief, and (B) Scheduling a Final Hearing, filed in the Bankruptcy Case.

4

## ITEMS TO BE PRODUCED

1.  Any and all Documents relating to or evidencing any purported refinance arrangement and/or refinance efforts for the Property.

2.  Any and all non-privileged Communications relating to any purported refinance arrangement and/or refinance efforts for the Property.

3.  Any and all Documents supporting or evidencing the proposed expenses provided in the Budget.

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Holley Driggs and that, on the 20th day of December 2023, I caused to be served a true and correct copy of **NOTICE OF ISSUANCE OF SUBPOENA** in the following manner:

☒    (ELECTRONIC SERVICE)    Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐    (UNITED STATES MAIL)    By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐    (OVERNIGHT COURIER)    By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐    (FACSIMILE)    By serving a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those listed on the attached service list, and on the date above written.

/s/ Kandy Halsey
An employee of Holley Driggs

- 3 -

15666-01/3058584