Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Carlos R. Hernandez-Vivoni, Trial Attorney
State Bar No. TX 24096186
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Tel.: (702) 388-6600
Fax: (702) 388-6658
Email: carlos.hernandez-vivoni@usdoj.gov

Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

E-Filed: May 22, 2024

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>**S VALLEY VIEW TWAIN, LLC,**<br><br>Debtor. | Case No: 23-14672-nmc<br>Chapter 11<br><br>Date: July 9, 2024<br>Time: 9:30 AM<br>Tel. Conference Line: (833) 435-1820<br>Meeting ID: 161 166 2815, Code: 115788# |
|---|---|

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b), AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO DISMISS OR CONVERT CHAPTER 11 CASE AND RESERVATION OF RIGHTS**

To the Honorable NATALIE M. COX, United States Bankruptcy Judge:

Tracy Hope Davis, the United States Trustee for Region 17 ("U.S. Trustee"), by and through her undersigned counsel, hereby files her *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b), and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss or Convert Chapter 11 Case and Reservation of Rights* (the "Motion").[1]

---

[1] "Section" refers to section of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 as amended, unless otherwise noted, and "FRBP" refers to the Federal Rules of Bankruptcy Procedure. "FRE" refers to the Federal Rules of Evidence; and "ECF No." refers to the bankruptcy docket case number 23-14672-nmc. The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case, pursuant to FRBP 9017 and FRE 201. To the extent that the objection contains factual assertions predicated upon statements made by Debtor, its agents,

1

# INTRODUCTION

The U.S. Trustee seeks dismissal, or in the alternative, conversion to a case under chapter 7, of the above captioned Debtor S Valley View Twain, LLC ("Debtor").

"Cause" exists to dismiss this chapter 11 or to convert it to chapter 7 pursuant to Section 1112(b) for several reasons. First, Debtor has failed to provide proof of insurance for the assets of the estate in this case. Consequently, if Debtor's bankruptcy estate is not currently protected against loss, it is posing a significant risk to the estate and the public. Second, Debtor has suffered a substantial or continuing loss to or diminution of the estate, and there is an absence of a reasonable likelihood of rehabilitation. Third, Debtor has failed to timely file monthly operating reports ("MORs"). Fourth, Debtor has failed to expeditiously prosecute this case. For these reasons, the U.S. Trustee has established cause to convert or dismiss this case pursuant to Section 1112(b).

The Motion is based upon the entire record in this case, the following memorandum of points and authorities, and the Declaration of United States Trustee Bankruptcy Auditor, Alisa Wongvasinkul ("Wongvasinkul Declaration").

Consistent with her independent duties, the U.S. Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court.

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Background Facts and Procedural Posture.

1. On October 23, 2023, Debtor commenced this case by filing a voluntary petition under chapter 11 (the "Petition"). [*See* ECF No. 1].

2. Debtor self-designated its business as a Single Asset Real Estate. [*See* ECF No. 1, p. 2 of 38, line 7].

---

attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

3. The Schedules and Statement of Financial Affairs were filed on same date of the filing of the Petition. [*See* ECF No. 1].

4. Debtor's schedules list the following assets and liabilities:

(a) A checking account with City National Bank valued at $4,718.06; accounts receivables of $12,096.17; an investment property located at 3610-3686 Highland Drive, Las Vegas, Nevada 89103 and 3675 Procyon Street, Las Vegas, Nevada 89103 with a combined value of $21,700,000.00. Debtor's total assets have a scheduled value of $21,716,815.23. [*See* ECF No. 1, pp. 12 to 15 of 38].

(b) Debtor lists secured claims of $11,299,716.05. [*See* ECF No. 1 p. 16 of 38].

(c) General unsecured creditors were listed in the aggregate amount of $89,016.97, with no priority unsecured creditors. [*See* ECF No. 1 pp. 17 to 19 of 38].

5. Debtor is represented by Larson & Zirzow, LLC. [*See* ECF Nos. 7-8 & 48].

6. The Section 341 Meeting of Creditors was initially scheduled for November 30, 2023. The meeting was continued and concluded on December 21, 2023. [*See* ECF Nos. 3, 36 and 55].

7. No trustee or official committee currently serves in this case. [*See generally* ECF case docket].

8. On January 11, 2024, Debtor filed a motion to extend the exclusivity period for filing a chapter 11 plan and disclosure statement up to April 20, 2024. [*See* ECF Nos. 64, p. 2 of 12 at ¶ 2]. Debtor's hopes were set on securing a commitment from a post-petition lender to pay off the claim of Terracotta Credit Reit LLC. [*See Id.*, pp. 3 - 4 of 12 at ¶ 11]. On January 24, 2024, the Court granted Debtor's motion. [*See* ECF No. 76].

9. As of the date of this Motion, Debtor has not secured the anticipated post-petition financing, has not filed a disclosure statement, or has filed a chapter 11 plan. [*See generally* ECF case docket, see also Wongvasinkul Declaration at ¶ 7].

10. The Debtor has failed to timely file the MORs for the months of March 2024 and April 2024.  [*See* Wongvasinkul Declaration at ¶ 16].

11. Based on the filed MORs, Debtor's business operations since the Petition Date have derived in a post-petition loss of <$132,904>.  [*See* Wongvasinkul Declaration at ¶ 17].

12. Based on the filed MORs, Debtor has accumulated post-petition payables of $157,882.  [*See* Wongvasinkul Declaration at ¶ 18].

13. Debtor's general liability insurance policy over the real estate property located at 3610-3686 Highland Drive, Las Vegas, NV 89103 ("Highland") expired on May 1, 2024;  the general liability insurance policy over the real estate property located at 3675 Procyon Street, Las Vegas, NV 89103 ("Procyon"), expired on May 5, 2024.  [*See* Wongvasinkul Declaration at ¶ 8].

14. The U.S. Trustee has requested copy of the renewed insurance policies, on several occasions, to no avail.  [*See* Wongvasinkul Declaration at ¶ 9-13].

15. On May 3, 2024, creditor Terracotta Credit Reit LLC, filed a Motion for Relief from Stay as to Debtor's only real estate asset.  [*See* ECF No. 111].

16. On May 16, 2024, the Court granted the motion for relief from stay filed by creditor Terracotta Credit Reit LLC, with respect to the Highland and Procyon properties. [Entry of order pending after hearing].  These properties are the main assets in this Single Asset Real Estate Case.  [*See* ECF No. 1, p. 2 of 38, line 7, *and* Wongvasinkul Declaration at ¶ 15].

## II.    JURISDICTION AND VENUE

17. The Bankruptcy Court has jurisdiction over this bankruptcy case under 28 U.S.C. §§ 157(b) and 1334(a).

18. The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

19. The United States Trustee has standing to prosecute this Motion under 11 U.S.C. §§ 307 and 1112 along with Fed. R. Bankr. P. 1017 and 9014.

20. Venue of this case and the contested matter presented by the Motion are proper in this district under 28 U.S.C. §§ 1408 and 1409.

### III. ARGUMENT

21. 11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

22. Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities)*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) aff'd, 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for conversion or dismissal under § 1112(b). *Id.*

23. As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be converted or dismissed even at its outset. *Johnston v. Jem Dev. Co. (In re Johnston)*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether conversion or dismissal is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that conversion or dismissal is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

**A.    Cause Exists Under 11 U.S.C. §§ 1112(b)(4)(C), Because Debtor Has Failed to Maintain Appropriate Insurance That Poses a Risk to the Estate or to the Public.**

24. A chapter 11 case should be dismissed or converted for the debtor's "failure to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C). "Because the apparent lack of insurance may place the estate and the public at

5

unacceptable risk for uncompensated injury while the Debtor claims the protection of federal bankruptcy laws, dismissal of the Debtor's case is warranted." *In re CA Fin. Sols.*, No. 19-00676 (RJF), 2019 Bankr. LEXIS 2016, at *20 (Bankr. D. Haw. July 1, 2019). See also *In re Johnston*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992) (citing lack of adequate insurance coverage in granting motion to dismiss chapter 11 case).

25. Debtor has failed to provide proof of insurance on its primary assets. [*See* Wongvasinkul Declaration at ¶ 13].

26. If the Debtor has insurance, it should have been able to provide proof. If it does not have insurance in place, there is a risk to the estate and to the public. Because the Debtor has failed to provide proof of insurance, the only reasonable inference that can be drawn is that no such insurance exists. This is cause for dismissal under 11 U.S.C. § 1112(b)(4)(C).

    **B.    Cause Exists Under 11 U.S.C. § 1112(b)(4)(A) Because Debtor Has Suffered a Substantial or Continuing Loss to or Diminution of the Estate, and There is an Absence of a Reasonable Likelihood of Rehabilitation.**

27. Cause exists to dismiss this case pursuant to Section 1112(b)(4)(A), which provides that a case shall be dismissed or converted for "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." As the movant under § 1112(b)(4)(A), the United States Trustee is required to demonstrate both: (1) a substantial or continuing loss to or diminution of the estate; and (2) absence of a reasonable likelihood of rehabilitation. *Hassen Imps. P'ship v. City of W. Covina (In re Hassen Imps. P'ship)*, No. CC-13-1019-KiPaD, 2013 Bankr. LEXIS 3870 at *37 (B.A.P. 9th Cir. Aug. 19, 2013).

28. As to the first prong of the test, "[t]he loss may be substantial or continuing. It need not be both in order to constitute cause under § 1112(b)(4)(A)." *Id.* In order to make the determination required by the first prong of the statutory test, "the bankruptcy court must look beyond financial statements and fully evaluate the present condition of a debtor's estate." *Id* at *38. For instance, the court may consider "dwindling liquidity or illiquidity resulting from unpaid post-petition debts" as well as continuing losses or maintaining a negative cash flow

6

following the bankruptcy filing. *Id. See also Wide W. Services, LLC*, Nos. 13-12551-A-11, HWL-3, 2013 Bankr. LEXIS 3822 at *6-7 (Bankr. E.D. Cal. September 12, 2013).

29. In this case, Terracotta Credit Reit LLC was granted relief from stay with respect Debtor's Single Asset Real Estate. [Entry of order pending after hearing]. Without the only asset that may generate income, loss and diminution of the estate is not only substantial but conclusive.

30. In order to satisfy the second prong of Section 1112(b)(4)(A):
> …a movant must demonstrate that the debtor does not have a reasonable likelihood of rehabilitation. As used in § 1112(b)(4)(A), "rehabilitation does not necessarily denote reorganization, which could involve liquidation. Instead, rehabilitation signifies something more, with it being described as 'to put back in good condition; re-establish on a firm, sound basis.' " … "'Rehabilitation' is a different and ... much more demanding standard than 'reorganization.' " … If "the debtor, or some other party, will be able to stem the debtor's losses and place the debtor's enterprise back on a solid financial footing within a reasonable amount of time,' " then the debtor may have a reasonable likelihood of rehabilitation. … "The purpose of § 1112(b) (1) is to 'preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation.'"

*In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51, 61 (B.A.P. 6th Cir. 2013) (internal citations omitted). "The issue of rehabilitation for purposes of Section 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re TMT Procurement Corporation*, 534 B.R. 912, 920 (Bankr. S.D. Tex. 2015) (quoting *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr.N.D.Ill.2009)).

31. With respect to the second prong, there is no likelihood of rehabilitation. Debtor's business operations since the filing of the Petition reflect a post-petition loss of <$132,904>. Debtor has accumulated post-petition payables of $157,882. [*See* Wongvasinkul Declaration at ¶¶ 17-18]. The assets that may generate income are now subject to foreclosure, and it can reasonably be concluded that there is no reasonable likelihood of rehabilitation in this case.

32. Further, since both prongs of the statutory test set forth in 11 U.S.C. § 1112(b)(4)(A) have been established, cause exists to either dismiss Debtor's case outright or to convert Debtor's case to case under chapter 7 of the Bankruptcy Code. The "Unusual Circumstances" exception, discussed *infra*, does not apply when relief is sought under Section 1112(b)(4)(A). *See* 11 U.S.C. § 1112(b)(2)(B).

C. **Cause Exists Under Section 1112 (b)(4)(F) Because Debtor Has Failed to Timely File MORs.**

33. Section 1112(b)(4)(F) provides that cause for conversion or dismissal of a bankruptcy case includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter."

34. Debtor has failed to timely file MORs for the months of March 2024 and April 2024.[2] [*See* Wongvasinkul Declaration at ¶ 16].

35. Timely MORs are required by applicable U.S. Trustee Guidelines, as well as the Bankruptcy Code and Rules.[3] As other Courts have held, monthly reports and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC)*, 505 B.R. 289, 303 (S.D. Cal. 2014). *See also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

36. Debtor's delay in filing itself constitute cause to dismiss or convert this case under Section 1112(b). Cause, as defined in Section 1112(b), includes the "unexcused failure to satisfy *timely* any filing or reporting requirement." 11 U.S.C. §1112(b)(4)(F) (emphasis added).

---

[2] The U.S. Trustee reserves her rights to supplement this Motion to include the failure to file an MOR for May 2024 if one is not filed on or before June 21, 2024.

[3] The *United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession (Revised March 31, 2023)* ("Guidelines") provide that a debtor must file MORs by the 21st day of the month following the reporting period, unless a different period is specified by Local Rule. *See Guidelines,* page 4 at ¶7 and *Instructions for UST Form 11-MOR,* page 2. In addition, Fed. R. Bankr. P. 2015(a)(2) and (3) require the filing of periodic reports as the United States Trustee requires. *See also* D. Nev. LR 2015.4.

*In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under Section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late").

37. Accordingly, there is cause to dismiss this bankruptcy case, and the Court should enter an order dismissing the case, or, in the alternative, converting this case to chapter 7, pursuant to 11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).

D. **Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4) Because Debtor Has Failed to Expeditiously Prosecute This Bankruptcy Case.**

38. Cause to convert or dismiss a chapter 11 case also includes a debtor's failure to expeditiously prosecute its case. *In re Babayoff*, 445 B.R. at 79 (holding that because "[a] debtor's failure to make meaningful and substantive progress toward the confirmation of a plan . . . is nearly always prejudicial to creditors[,] . . . a debtor cannot wallow in chapter 11.") (quotations and citations omitted); *In re Milford Conn. Assocs., L.P.*, 389 B.R. 303, 309 (Bankr. D. Conn. 2008) ("Chapter 11 debtors cannot 'have their cake and eat it too'; the extraordinary relief provided by the bankruptcy laws comes with a price . . . includ[ing] the responsibility to pursue an open and expeditious reorganization..."); *In re Van Brunt*, 46 B.R. 29, 30 (Bankr. W.D. Wis. 1984) ("The Chapter 11 debtor is a fiduciary of his creditors. . . and is obligated to prosecute his bankruptcy proceeding in an expeditious manner.") (citations omitted).

39. This case was filed on October 23, 2023. As of the date of this Motion, Debtor has not filed a chapter 11 plan or disclosure statement; the anticipated motion to obtain post-petition financing has not been filed; Debtor has failed to file the MORs for March 2024 and April 2024; also Debtor is not complying with its post-petition financial obligations in this Single Asset Real Estate case. [*See* Wongvasinkul Declaration at ¶¶ 16 & 18].

40. Accordingly, Debtor has failed to expeditiously prosecute this case. Given Debtor's failure to expeditiously prosecute this case as a fiduciary to its creditors cause exists to either dismiss Debtor's case or to convert it to a case under chapter 7 of the Bankruptcy Code. Debtor's case should, therefore, be converted or dismissed.

### E. Once Cause is Established, Debtor Has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).

41. Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *Sanders v. United States Trustee (In re Sanders),* No. CC-12-1398-KiPaTa, 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013). ("The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate.") *See* 11 U.S.C. §1112(b)(1). "For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren)*, No. EC-14-1390-PaJuKu, 2015 Bankr. LEXIS 1775, at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the Debtor bears the burden of proving unusual circumstances are present in the case that render dismissal or conversion is not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

42. In addition to establishing unusual circumstances, the Debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> . . . *and* the debtor or any other party in interest establishes that–
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)-
>> (i) for which there exists a reasonable justification for the act or omission; *and*
>> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

43. Importantly, the Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive. *See In re Om Shivai, Inc.* 447 B.R. 459, 465 (Bankr. D.S.C. 2011); In [re] *Landmark Atl. Hess Farm, LLC,* 448 B.R. 707, 717 (Bankr. D. Md. 2011).

44. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion. In addition, the Debtor must demonstrate that the relief requested in the motion is not predicated upon section 1112(b)(4)(A), which it is in part here. [4]

45. Dismissal of this case appears to be the more appropriate remedy. Creditor Terracotta Credit Reit LLC obtained relief from the automatic stay to foreclose the main assets of this case. Other assets are not significant. The liability for general unsecured creditors is less than 1% of the aggregate total liabilities. However, in the alternative, the U.S. Trustee does not object to the Court converting this case to chapter 7 if the Court ultimately determines that such relief is in the best interests of creditors and the estate. *See Rand v. Porsche Fin. Servs. (In re Rand)*, No. AZ-10-1160-BaPaJu, 2010 Bankr. LEXIS 5076, at *30-31 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (internal citations omitted) (identifying ten factors courts have used to determine whether dismissal or conversion is in the best interests of creditors and the estate under §1112(b)(1)).

/ / / /

/ / / /

---

[4] The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate," *see* section 1112(b)(1), but that exception does not apply if the cause for dismissal or conversion is "substantial or continuing loss or diminution of the estate'" as set forth in §1112(b)(4)(A). *See* 11 U.S.C. §1112(b)(2)(B). Thus, because the United States Trustee has established that cause exists under section 1112(b)(4)(A), no exception applies.

### IV. CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order (a) granting the Motion; (b) dismissing the case, or in the alternative, converting this case to chapter 7, if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the estate; and (c) granting such other relief as is just under the circumstances.

Dated: May 22, 2024

**TRACY HOPE DAVIS**
**UNITED STATES TRUSTEE, REGION 17**

By:  /s/ Carlos R. Hernandez-Vivoni
     Carlos R. Hernandez-Vivoni, Esq.
     Trial Attorney

# EXHIBIT A

# PROPOSED FORM OF ORDER

Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Carlos R. Hernandez-Vivoni, Trial Attorney
State Bar No. TX 24096186
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600
Fax: (702) 388-6658
Email: *carlos.hernandez-vivoni@usdoj.gov*

E-filed on May 22, 2024

Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**S VALLEY VIEW TWAIN, LLC,**<br><br>Debtor. | Case No: 23-14672-nmc<br>Chapter 11<br><br>Date: July 9, 2024<br>Time: 9:30 AM<br>Tel. Conference Line: (833) 435-1820<br>Meeting ID: 161 166 2815, Code: 115788# |

## ORDER DISMISSING CASE

The *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b), and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss or Convert Chapter 11 Case and Reservation of Rights* (the "Motion") and the *Wongvasinkul Declaration* in support thereof, came on for hearing after proper notice at the above-stated date and time, (appearances noted on

the record), the Court having stated on the record its findings of fact and conclusions of law, those findings of fact and conclusions of law are incorporated into this Order by this reference in accordance with Fed. R. Civ. P. 52, made applicable by Fed. R. Bankr. P. 9014, and for good cause appearing:

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**; and,

**IT IS FURTHER ORDERED** that the case is **DISMISSED**.

**IT IS SO ORDERED.**

Submitted by:

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/ Carlos R. Hernandez-Vivoni*
    Carlos R. Hernandez-Vivoni
    United States Department of Justice
    Attorney for the United States Trustee

RULE 9021 DECLARATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

By: /s/ *Carlos R. Hernandez-Vivoni*
Carlos R. Hernandez-Vivoni
United States Department of Justice
Attorney for the United States Trustee